UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

SHADELL D. MORRIS,

                Plaintiff,

v.                                                   Case No. 23-C-910

BATAN COULIBALY, et al.,

                Defendants.

─────────────────────────────────────────────

## DECISION AND ORDER

─────────────────────────────────────────────

Plaintiff Shadell D. Morris, who is incarcerated at Waupun Correctional Institution and representing himself, is proceeding on an Eighth Amendment claim against Defendants based on allegations that they sprayed Morris (or did not stop others from spraying him) with an incapacitating agent without warning, even though Morris posed no threat and was a victim of his cellmate's violent actions. Dkt. No. 9. On January 29, 2024, Defendants filed a motion for summary judgment on the ground that Morris failed to exhaust the available administrative remedies before he initiated this action. Dkt. No. 22. In a notice and order, the Court reminded Morris that under Civil L. R. 56(b)(2) his response materials were due February 29, 2024. Dkt. No. 26. The Court warned Morris that, if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by Defendants as undisputed, which would likely result in summary judgment being granted in Defendants' favor and the case being dismissed. The deadline passed, and Plaintiff did not respond to Defendants' motion.

The Court has reviewed Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Defendants are entitled to summary judgment. *See*

Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true as a result of Morris' failure to respond, the Court finds that Morris did not file an inmate complaint about the claim in this case. Morris did file an inmate complaint relevant to the underlying incident. But he complained only about being strip searched in front of his cellmate; he made no mention of being improperly sprayed with an incapacitating agent. With the foregoing undisputed facts in mind, the Court finds that Morris failed to put the institution on notice of Defendants' alleged excessive force. *See King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023) (holding that, because the allegations in the grievance did not support the claim he pursued in his lawsuit, the plaintiff failed to give the institution notice of his claim). Accordingly, Morris did not exhaust the available administrative remedies before he initiated this action, and Defendants are entitled to summary judgment.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 22) is **GRANTED** and this case is **DISMISSED without prejudice**. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 6th day of March, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

2

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.